Filing # 128930852 E-Filed 06/17/2021 09:30:29 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

**CASE NO.: 50-2021-CA-007538**

RUTH M. SOTO and JOSE SOTO, her husband,

    Plaintiffs,

vs.

WALMART INC., a Foreign Profit Corporation; and PHILLIP BOFF, Individually,

    Defendants.
_____/

## **COMPLAINT**

COME NOW the Plaintiffs, RUTH M. SOTO and JOSE SOTO, her husband, by and through their undersigned attorneys, and hereby sue the Defendants, WALMART INC., a Foreign Profit Corporation; and PHILLIP BOFF, Individually, and allege as follows:

### **GENERAL ALLEGATIONS**

1.    This is an action for damages in excess of the sum of Thirty Thousand and One ($30,001.00) Dollars, exclusive of costs, interest and attorney's fees.

2.    At all times material hereto, the Plaintiffs, RUTH M. SOTO and JOSE SOTO, her husband, are and were residents of Palm Beach County, Florida.

3.    At all times material hereto, the Defendant, WALMART INC., was a corporation duly licensed and authorized to conduct business in the State of Florida, and doing business in Palm Beach County, Florida.

4. At all times material hereto, the Defendant, PHILLIP BOFF, was the store manager of the Defendant WALMART INC., and doing business in Palm Beach County, Florida.

## COUNT I – NEGLIGENCE AGAINT DEFENDANT, WALMART INC.

5. The Plaintiff, RUTH M. SOTO, hereby re-alleges and re-avers each and every General Allegation contained in paragraphs 1-4, above, as though fully set forth herein.

6. On or about the date of the accident, June 3, 2020, the Defendant, WALMART INC., owned, operated, managed and/or was in control of a business located at 4545 Hypoluxo Road, Lake Worth, Palm Beach County, Florida and known as WALMART INC.

7. At the time and place aforesaid, the Plaintiff was legally upon the property of the Defendant as a business invitee and as a member of the general public that was expressly or impliedly invited upon said premises for the benefit of the Defendant and was injured when she slipped and fell on a slippery, foreign substance.

8. At the time and place aforesaid, the Defendant, through its agents, servants and/or employees, while acting within the scope and course of such agency or employment, were negligent in one or more of the following ways:

   a. Failing to maintain the premises and/or its areas of ingress and egress in a reasonably safe condition.

   b. Failing to correct a dangerous condition that it knew or reasonably should have known existed.

   c. Failing to warn plaintiff about a dangerous condition that the defendant reasonably did or reasonably should have had superior knowledge about and that plaintiff did not know existed.

    d. Failing to correct a dangerous condition that occurred with regularity and that was therefore foreseeable.

    e. Failing to train its employees in the proper methods of inspecting for, cleaning up and/or warning about a dangerous condition that the defendant knew or should have known existed or that occurred with regularity and that was therefore foreseeable.

    f. Creating the condition by its business activities and the activities of its agents, employees, vendors, suppliers and/or authorized representatives.

    g. By engaging in a negligent or unreasonable mode of business operation.

    h. In constructing, repairing, replacing or maintaining its premises in violation of applicable building codes, statutes and ordinances.

    i. The condition occurred with regularity and was therefore foreseeable.

    j. In other ways to be determined in discovery.

9. The Defendant, WALMART INC., had actual or constructive knowledge of the dangerous condition and failed to take action to remedy it.

10. The Defendant, WALMART INC., its agents, servants, and/or employees acting within the course and scope of such agency, service or employment, had a non-delegable duty to the general public to properly maintain said premises in a reasonably safe condition for the general public while they were on the premises, especially in view of the fact that such condition was known or should have been known to the Defendant.

11. As a direct and proximate result of the negligence of Defendant, WALMART INC., the Plaintiff, RUTH M. SOTO, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a pre-existing condition. The losses are

either permanent or continuing in nature and Plaintiff, RUTH M. SOTO, will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, RUTH M. SOTO, demands judgment for damages against the Defendant, WALMART INC., plus costs and post judgment interest and further demands trial by jury.

## COUNT II – NEGLIGENCE AGAINST DEFENDANT, PHILLIP BOFF

12. The Plaintiff, RUTH M. SOTO, hereby re-alleges and re-avers each and every General Allegation contained in paragraphs 1-4, above, as though fully set forth herein.

13. On or about the date of the accident, June 3, 2020, the Defendant, PHILLIP BOFF, operated, managed and/or was in control of a business located at 4545 Hypoluxo Road, Lake Worth, Palm Beach County, Florida and known as WALMART INC.

14. At the time and place aforesaid, the Plaintiff was legally upon the property of the Defendant as a business invitee and as a member of the general public that was expressly or impliedly invited upon said premises for the benefit of the Defendant and was injured when she slipped and fell on a slippery, foreign substance.

15. At the time and place aforesaid, the Defendant, through its agents, servants and/or employees, while acting within the scope and course of such agency or employment, were negligent in one or more of the following ways:

a. Failing to maintain the premises and/or its areas of ingress and egress in a reasonably safe condition.

b. Failing to correct a dangerous condition that it knew or reasonably should have known existed.

c. Failing to warn plaintiff about a dangerous condition that the defendant reasonably did or reasonably should have had superior knowledge about and that plaintiff did not know existed.

d. Failing to correct a dangerous condition that occurred with regularity and that was therefore foreseeable.

e. Failing to train its employees in the proper methods of inspecting for, cleaning up and/or warning about a dangerous condition that the defendant knew or should have known existed or that occurred with regularity and that was therefore foreseeable.

f. Creating the condition by its business activities and the activities of its agents, employees, vendors, suppliers and/or authorized representatives.

g. By engaging in a negligent or unreasonable mode of business operation.

h. In constructing, repairing, replacing or maintaining its premises in violation of applicable building codes, statutes and ordinances.

i. The condition occurred with regularity and was therefore foreseeable.

j. In other ways to be determined in discovery.

16. The Defendant, PHILLIP BOFF, had actual or constructive knowledge of the dangerous condition and failed to take action to remedy it.

17. The Defendant, PHILLIP BOFF, its agents, servants, and/or employees acting within the course and scope of such agency, service or employment, had a non-delegable duty to the general public to properly maintain said premises in a reasonably safe condition for the general public while they were on the premises, especially in view of the fact that such condition was known or should have been known to the Defendant.

18. As a direct and proximate result of the negligence of Defendant, PHILLIP BOFF, the Plaintiff, RUTH M. SOTO, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a pre-existing condition. The losses are either permanent or continuing in nature and Plaintiff, RUTH M. SOTO, will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, RUTH M. SOTO, demands judgment for damages against the Defendant, PHILLIP BOFF, plus costs and post judgment interest and further demands trial by jury.

## COUNT III – CONSORTIUM CLAIM OF PLAINTIFF, JOSE SOTO, AGAINST ALL DEFENDANTS

19. The Plaintiff, JOSE SOTO, hereby alleges and re-avers all the General Allegations contained in paragraphs 1 through 4, above, as though fully set forth herein.

20. That at all times material to the cause herein, the Plaintiffs, RUTH M. SOTO and JOSE SOTO, were living together as husband and wife.

21. As a direct and proximate result of the afore said negligence of Defendants, WALMART INC. and PHILLIP BOFF, the Plaintiff, JOSE SOTO, has suffered in the past and will continue to suffer for an indefinite time in the future the deprivation of the consortium services of his wife, RUTH M. SOTO, who prior to the incident herein, had been in good health and fully capable of performing any of her household and family relationship duties, but now cannot or is limited in doing so.

WHEREFORE, Plaintiff, JOSE SOTO, demands judgment for damages plus costs and interest against the Defendants, WALMART INC. and PHILLIP BOFF, and further demands trial by jury.

Dated this 17th day of June, 2021.

                              LAW OFFICES OF CRAIG GOLDENFARB, P.A.
                              Counsel for Plaintiffs
                              1800 S. Australian Avenue, Suite 400
                              West Palm Beach, FL 33409
                              Phone: (561) 697-4440
                              SotoRuth7234958@projects.filevine.com
                              JMaxion@800goldlaw.com
                              CBrito@800goldlaw.com
                              RPeart@800goldlaw.com

By: _____*/s/ Jorge L. Maxion*_____
              **JORGE L. MAXION, ESQ.**
              *Florida Bar Number: 881023*